IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No. 14-cv-01018-BNB
(**The above civil action number must appear on all future papers
sent to the Court in this action.  Failure to include this number
may result in a delay in the consideration of your claims.**)

TODD ANTHONY AURIT, also known as
TODD A. AURIT,

      Plaintiff,

v.

JOHN W. SUTHERS, in his official capacity as Attorney General for the State of
      Colorado and in his individual capacity,
ANGEL MEDINA, in his official capacity as Inmate Service Director for the Colorado
      Department of Corrections and in his individual capacity,
GERALD MARRONEY, in his official capacity as Colorado State Court Administrator
      and in his individual capacity,
LAURIE MCKAGER, in her official capacity as 18[th] Judicial District Court
Administrator
      and in her individual capacity,
LANCE INGALLS, in his official capacity as Douglas County Attorney and in his
      individual capacity,
CHERYL LAYNE, in her official capacity as Clerk of Court/Comptroller of the Currency
      for the County of Douglas and in her individual capacity and his [sic] individual
      capacity,
RICHARD CASCHETTE, in his official capacity as Douglas County Colorado District
      Judge and in his individual capacity,
PAUL KING, in his official capacity and [sic] his [sic] as Douglas County Colorado
      District Judge and in his individual capacity,
GEORGE BRAUCHER, in his official capacity as District Attorney for the 18th Judicial
      District of Colorado and in his individual capacity, [and]
ANY JOHN OR JANE DOE to be added at Plaintiff's discretion,

      Defendants.

---

ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES AND
FILE AMENDED COMPLAINT THAT COMPLIES WITH RULE 8

---

      Plaintiff, Todd Anthony Aurit, also known as Todd A. Aurit, is a prisoner in the

custody of the Colorado Department of Corrections who currently is incarcerated at the

Fremont Correctional Facility in Cañon City, Colorado.  His alias has been added to the caption of this order.

Mr. Aurit submitted *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 and numerous other civil and criminal statutes, and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3).  As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that the documents are deficient as described in this order.  Plaintiff will be directed to cure the following if he wishes to pursue his claims.  Any papers that Plaintiff files in response to this order must include the civil action number noted above in the caption of this order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1)    __    is not submitted
(2)    __    is missing affidavit
(3)    X    is missing certified copy of prisoner's trust fund statement for the 6-month period <u>immediately preceding</u> this filing
(4)    __    is missing certificate showing current balance in prison account
(5)    __    is missing required financial information
(6)    __    is missing an original signature by the prisoner
(7)    X    is not on proper form (must use and complete all pages of the court's current form revised 10/01/12 with Authorization and Certificate of Prison Official)
(8)    X    names in caption do not match names in caption of complaint, petition or habeas application
(9)    __    An original and a copy have not been received by the Court. Only an original has been received.
(10)    X    other:  Plaintiff may pay $400.00 (the $350.00 filing fee plus a $50.00 administrative fee) in lieu of filing an amended § 1915 Motion and a certified copy of his six months' trust fund statement.

**Complaint, Petition or Application**:
(11)    __    is not submitted
(12)    X    is not on proper form (must use the Court's current form)
(13)    __    is missing an original signature by the prisoner
(14)    __    is missing page no. __
(15)    __    uses et al. instead of listing all parties in caption
(16)    __    An original and a copy have not been received by the Court.  Only an original has been received.

2

(17)  __  Sufficient copies to serve each defendant/respondent have not been received by the Court.
(18)  __  names in caption do not match names in text
(19)  __  other:

Mr. Aurit is suing improper parties.  His claims against Defendants, the Honorable Richard Caschette and Paul King, are subject to dismissal based on the doctrine of judicial immunity.  Judges are absolutely immune from a civil rights suit based on actions taken in their judicial capacity, unless they acted in the clear absence of all jurisdiction.  *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994).  Judicial immunity "is not overcome by allegations of bad faith or malice," *Mireles*, 502 U.S. at 11, or an assertion that the judge acted in error or exceeded his authority, *see Stump*, 435 U.S. at 1105.   Further, a judge acts in the clear absence of all jurisdiction only when he "acts clearly without any colorable claim of jurisdiction."  *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir.1990).  Mr. Aurit does not state any facts to indicate that either judge was acting outside of his judicial capacity.

Mr. Aurit cannot pursue his claims against Defendant, George Braucher, a district attorney pursuant to § 1983.  State prosecutors are entitled to absolute immunity in § 1983 suits for activities within the scope of their prosecutorial duties.  *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976); *see also Butz v. Economou*, 438 U.S. 478, 504 (1978).   Initiating and pursuing a criminal prosecution are acts are "'intimately associated with the judicial process'" *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990) (quoting *Imbler*, 424 U.S. at 430).   Defendant Braucher is immune from liability for Mr. Aurit's claims that he initiated a baseless prosecution against him.

Mr. Aurit lacks standing to assert violations of criminal law.  Courts universally

endorse the principle that private citizens cannot prosecute criminal actions.  *See, e.g., Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir.1989) (per curiam); *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir.1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not as has sometimes been done in Anglo-American jurisdictions by private complaints."); *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo.1991) ("Private citizens generally have no standing to institute federal criminal proceedings."). Mr. Aurit lacks standing to invoke the authority of United States attorneys under 28 U.S.C. § 547 to prosecute for offenses against the United States.

The Prisoner Complaint is not on the Court-approved Prisoner Complaint form. Local Rules 1.2 and 5.1(c) of the Local Rules of Practice - Civil for this Court require litigants to the Court-approved forms found on the Court's website.  The United States Court of Appeals for the Tenth Circuit repeatedly has upheld the requirement that *pro se* litigants comply with local court rules requiring use of proper Court-approved forms, and rejected constitutional challenges to such rules.  *See Georgacarakos v. Watts*, 368 F. App'x 917, 918-19 (10th Cir. 2010) (district court did not abuse its discretion in dismissing civil rights action without prejudice for federal prisoner's noncompliance with local rules requiring use of proper court-approved form to file complaint and district court's order to comply), *Durham v. Lappin*, 346 F. App'x 330, 332-33 (10th Cir. 2009) (it was within district court's discretion to dismiss prisoner's complaint for failure to comply with local rules requiring *pro se* litigants to use court-approved forms, and local rule did not violate prisoner's equal protection rights); *Kosterow v. United States Marshal's Serv.*, 345 F. App'x 321, 322-33 (10th Cir. 2009) (it was within district court's discretion to dismiss complaint for failure to use proper court form); *Young v. United States*, 316 F.

4

App'x 764, 769-71 (10th Cir. 2009) (district court order dismissing federal prisoner's *pro se* civil rights complaint without prejudice to his ability to refile, based on his repeated refusal to comply with district court order directing him to file amended complaint on court-approved prisoner complaint form as required by local district court rule, was not abuse of discretion or constitutional violation); *Maunz v. Denver Dist. Court*, 160 F. App'x 719, 720-21 (10th Cir. 2005) (district court did not abuse its discretion in dismissing inmate's federal action where inmate failed to file habeas corpus application on proper form designated by district court); *Daily v. Municipality of Adams County*, 117 F. App'x 669, 671-72 (10th Cir. 2004) (inmate's failure to comply with local rule requiring *pro se* prisoners to use court's forms to file action was not nonwillful, and inmate's failure to use required form supported dismissal of action).

Mr. Aurit's Prisoner Complaint also fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  He will be directed to file an amended Prisoner Complaint.

The amended Prisoner Complaint Mr. Aurit files must comply with the pleading requirements of Rule 8.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short

5

and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Claims must be presented clearly and concisely in a manageable format that allows a court and a defendant to know what claims are being asserted pursuant to which statute and to be able to respond to those claims. *New Home Appliance Ctr., Inc., v. Aurit*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

In order to state a claim in federal court, Mr. Aurit "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Aurit must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. A long, chronological recitation of facts is not required. Nor should the Court or defendants be required to sift through Mr. Aurit's allegations to locate the heart of each claim. The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Aurit must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A supervisory official may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

Mr. Aurit may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Aurit uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court finds that the Prisoner Complaint does not meet the requirements of Fed. R. Civ. P. 8. Mr. Aurit will be given an opportunity to cure the deficiencies in the Prisoner Complaint by submitting an amended Prisoner Complaint that states claims clearly and concisely in compliance with Fed. R. Civ. P. 8, and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations. The Court will not consider any claims raised in separate attachments, amendments, supplements, motions, or other documents not included in the amended Prisoner Complaint.

Accordingly, it is

ORDERED that the clerk of the Court add the alias for Plaintiff, Todd Anthony Aurit, to the docketing records of this case.  It is

FURTHER ORDERED that Mr. Aurit cure the deficiencies designated above and file an amended Prisoner Complaint that complies with Rule 8 of the Federal Rules of Civil Procedure **within thirty (30) days from the date of this order**.  Any papers that Plaintiff files in response to this order must include the civil action number on this order. It is

FURTHER ORDERED that Plaintiff shall obtain (with the assistance of his case manager or the facility's legal assistant) the Court-approved forms for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and Prisoner Complaint, along with the applicable instructions, at www.cod.uscourts.gov, and shall use all pages of those forms in curing the designated deficiencies and filing an

8

amended Prisoner Complaint.  It is

FURTHER ORDERED that, if Plaintiff fails to cure the designated deficiencies or

file an amended Prisoner Complaint as directed **within thirty days from the date of**

**this order**, the Prisoner Complaint and action may be dismissed without further notice.

DATED April 10, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge